UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LAWS,<br><br>      Petitioner,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>      Respondent. | Case No. 1:13-cv-01546-BAM-HC<br><br>ORDER TO PETITIONER TO INFORM THE COURT RE: EXHAUSTION OF CLAIMS AND TO SUBMIT A COPY OF PETITIONS PENDING IN THE CALIFORNIA SUPREME COURT  NO LATER THAN THIRTY (30) DAYS AFTER SERVICE OF THIS ORDER<br><br>ORDER TO PETITIONER TO WITHDRAW UNEXHAUSTED CLAIMS NO LATER THAN THIRTY (30) DAYS AFTER SERVICE OF THIS ORDER<br><br>**FILING DEADLINE:**  **THIRTY (30) DAYS** |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on September 25, 2013.

    I.   <u>Screening the Petition</u>

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The

1

Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus

2

must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged

3

>violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

>Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
>...
>In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

4

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Here, Petitioner alleges that he is serving a three-year sentence imposed on December 7, 2010, in Kern County Superior Court case number SF015496A for a conviction of second degree robbery, a violation of Cal. Pen. Code § 212.5(c), pursuant to his plea of nolo contendere. (Pet., doc. 1, 1-2.) Petitioner raises the following claims in the petition: 1) Petitioner was denied the effective assistance of counsel on appeal in violation of his right to counsel under the Sixth and Fourteenth Amendments, as well as his rights to due process and equal protection under the Federal Constitution and his appellate rights under "Anders," when his appointed appellate counsel failed to raise any appealable issues, and specifically claims concerning a) trial counsel's ineffective assistance in failing to present confidential medical evidence in connection with Petitioner's effort to withdraw his plea, b) the trial court's abuse of discretion in denying the motion to withdraw the plea, c) the involuntary, unintelligent, and unknowing entry of the illegal plea based on inadequate advice from trial counsel, d) the petitioner's being under the influence of prescribed psychotropic medications at the time of entry of the plea in violation of the plea agreement, and e) the entry of the plea under a misapprehension of law based on

5

the advice of trial counsel because the perpetrator of the robbery was never identified, and Petitioner did not understand that the identification should have been challenged and the prosecutor should have been required to prove beyond a reasonable doubt that Petitioner participated in the crime. (Id. at 6-9.)

With respect to exhaustion of state court remedies, Petitioner states that he raised claims and sub-claims (1)(a) through (d) in the California Supreme Court in case number S210698. (Id. at 8.) Reference to the official website of the California Courts[1] reflects that in that proceeding, a petition for writ of habeas corpus was denied on September 11, 2013. Thus, it appears that Petitioner had exhausted his state court remedies as to claims (1)(a) through (d).

However, with respect to claim or claims (1)(e), Petitioner states that he filed a petition for writ of habeas corpus on these claims and the invalidity and illegality of the making of the plea in the California Supreme Court in case number S213302, and Petitioner admits that the petition is still pending. (Id. at 9.) Reference to the official website of the California Courts reflects that in that proceeding, Petitioner filed a petition for writ of habeas corpus on September 11, 2013, and there has been no disposition of the case.

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010). The address of the official website of the California state courts is http://www.courts.ca.gov/courts.htm.

6

1    Thus, Petitioner has demonstrated that he has failed to exhaust
2 state court remedies as to some of his claims.  It is not entirely
3 clear what claims remain pending in case number S213302 because
4 Petitioner has not attached a copy of the petition filed in that
5 action.  Therefore, the Court cannot be sure what claims remain
6 pending.  Therefore, Petitioner will be directed to inform the Court
7 precisely what claims remain pending before the California Supreme
8 Court, and, if possible, to provide this Court with a copy of any
9 petition filed in the California Supreme Court that remains pending
10 and raises a claim that is also raised before this Court in this
11 proceeding.

       III.   <u>Dismissal of Unexhausted Claims in Mixed Petition</u>

13    Where some claims in a habeas petition are exhausted and others
14 are not (i.e., a "mixed" petition), the Court must dismiss the
15 petition without prejudice to give Petitioner an opportunity to
16 exhaust the claims if he can do so.  <u>Rose</u>, 455 U.S. at 510, 521-22;
17 <u>Calderon v. United States Dist. Court (Gordon)</u>, 107 F.3d 756, 760
18 (9th Cir. 1997), <u>en banc</u>, <u>cert. denied</u>, 118 S.Ct. 265 (1997);
19 <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1273 (9th Cir. 1997), <u>cert.
20 denied,</u> 117 S.Ct. 1794 (1997).  However, before dismissing the
21 petition, the Court must give a petitioner an opportunity to amend a
22 mixed petition to delete the unexhausted claims and permit review of
23 properly exhausted claims.  <u>Rose v. Lundy</u>, 455 U.S. at 520; <u>Calderon
24 v. United States Dist. Ct. (Taylor)</u>, 134 F.3d 981, 986 (9th Cir.
25 1998), <u>cert. denied</u>, 525 U.S. 920 (1998); <u>James v. Giles</u>, 221 F.3d
26 1074, 1077 (9th Cir. 2000).

27    The instant petition is a mixed petition containing exhausted
28 and unexhausted claims.  The Court must dismiss the petition without

7

prejudice unless Petitioner withdraws the unexhausted claims and proceeds with the exhausted claims in lieu of suffering dismissal.

IV. Disposition

Accordingly, it is ORDERED that:

1) No later than thirty (30) days after the date of service of this order, Petitioner shall INFORM the Court what claims remain pending before the California Supreme Court and, if possible, shall SUBMIT to the Court copy of each petition for writ of habeas corpus that Petitioner has filed in the California Supreme Court in which any claims raised in the present proceeding are raised and remain pending before the California Supreme Court; and

2) Petitioner is GRANTED thirty (30) days after the date of service of this order in which to file a motion to withdraw the claims as to which state court remedies have not been exhausted; in the event that Petitioner does not file such a motion, the Court will assume that Petitioner desires to return to state court to exhaust the unexhausted claims and will therefore dismiss the entire petition without prejudice.[2]

---

[2] Petitioner is informed that a dismissal for failure to exhaust will not itself bar him from returning to federal court after exhausting his available state remedies. However, this does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court, Duncan v. Walker, 533 U.S. 167, 172 (2001).

Petitioner is further informed that the Supreme Court has held in pertinent part:
> [I]n the habeas corpus context it would be appropriate for an order order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: __October 3, 2013__          /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE

---

Slack v. McDaniel, 529 U.S. 473, 489 (2000).

Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

9