1

2

3

4

5

6

7                              **UNITED STATES DISTRICT COURT**

8                            **EASTERN DISTRICT OF CALIFORNIA**

9

10

11   ANTHONY LAWS,                         Case No. 1:13-cv-01546-BAM-HC

12              Petitioner,                ORDER DENYING PETITIONER'S MOTION
                                           TO ENTER DEFAULT JUDGMENT
13        v.                               (DOC. 18)

14
     GARY SWARTHOUT, Warden,
15
                Respondent.
16

17

18        Petitioner is a state prisoner proceeding pro se and in forma

19   pauperis with a petition for writ of habeas corpus pursuant to 28

20   U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have

21   consented to the jurisdiction of the United States Magistrate Judge

22   to conduct all further proceedings in the case, including the entry

23   of final judgment, by manifesting their consent in writings signed

24   by the parties or their representatives and filed by Petitioner on

25   October 7, 2013, and on behalf of Respondent on February 19, 2014.

26   Pending before the Court is Petitioner's motion to enter default

27   judgment, which was filed on March 6, 2014.

28        Petitioner bases his motion on an alleged delay in Respondent's

                                          1

1    filing a response to the petition, which on January 1, 2014, the

2    Court ordered Respondent to accomplish within sixty days.  The

3    docket reflects that on February 27, 2014, before the due date of

4    the response, Respondent duly requested an extension of time within

5    which to file a response, and the Court subsequently granted the

6    extension.  The response is not overdue; it is now due on or about

7    April 5, 2014.

8         However, even if Respondent had been responsible for a minimal

9    delay in responding to the petition, the Court would not grant a

10   default judgment.  It is established that in this proceeding, it is

11   the petitioner's burden to show that he or she is in custody in

12   violation of the laws of the United States.  Miller-El v. Cockrell,

13   537 U.S. 322, 358 n.3 (2003).  Even if Respondent had failed to file

14   a timely response, a failure by state officials to comply timely

15   with the deadlines set by the Court does not relieve Petitioner of

16   the burden of proof or entitle him to entry of a default or a

17   default judgment.  Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.

18   1990).

19        Although Respondent has not responded to this motion, the Court

20   exercises its discretion to consider and deny the motion without

21   requiring the input of Respondent, and thereby to further economy of

22   time and effort for both the Court and the parties.  See, Landis v.

23   North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v.

24   Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

25   ///

26   ///

27   ///

28   ///

2

1    Accordingly, Petitioner's motion to enter a default judgment is

2  DENIED.

3  IT IS SO ORDERED.

4

   Dated:    **March 10, 2014**                    /s/ *Barbara A. McAuliffe*

5                                                UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28