**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY LAWS,<br><br>          Petitioner,<br><br>     v.<br><br>GARY SWARTHOUT, Warden,<br>          Respondent. | Case No. 1:13-cv-01546-BAM-HC<br><br>ORDER DENYING PETITIONER'S MOTION TO ENTER DEFAULT JUDGMENT (DOC. 23)<br><br>ORDER DISMISSING PETITIONER'S REQUEST FOR ACKNOWLEDGMENT OF THE FILING OF THE TRAVERSE (DOC. 26) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on October 7, 2013, and on behalf of Respondent on February 19, 2014.

I.  Motion to Enter Default

Pending before the Court is Petitioner's motion to enter default judgment, which was filed on May 14, 2014.

1

Petitioner bases his motion on an alleged delay in Respondent's filing a response to the petition, an obligation initially due to be performed by early March 2014. The docket reflects that on February 27, 2014, before the due date of the response, Respondent duly requested an extension of time within which to file a response, and the Court subsequently granted the extension. Before the extended due date had arrived, Respondent again moved for an extension of thirty days on April 2, 2014, which was granted on April 15, 2014. Respondent subsequently filed the answer on May 14, 2014, within the time set by the Court. Thus, Respondent's answer was not overdue.

However, even if Respondent had been responsible for a minimal delay in responding to the petition, the Court would not grant a default judgment. It is established that in this proceeding, it is the petitioner's burden to show that he or she is in custody in violation of the laws of the United States. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 358 n.3 (2003). Even if Respondent had failed to file a timely response, a failure by state officials to comply timely with the deadlines set by the Court does not relieve Petitioner of the burden of proof or entitle him to entry of a default or a default judgment. <u>Gordon v. Duran</u>, 895 F.2d 610, 612 (9th Cir. 1990).

Accordingly, Petitioner's motion to enter a default judgment is DENIED.

II. <u>Motion for Acknowledgment of Receipt of the Response</u>

On July 23, 2014, Petitioner filed a request that the Court acknowledge receipt of his traverse. The request will be dismissed as moot because the Court's docket reflects that the traverse was filed on May 27, 2014.

### III. Disposition

Accordingly, it is ORDERED that

1. Petitioner's motion to enter default judgment is DENIED; and

2. Petitioner's request regarding the traverse is DISMISSED as moot.

IT IS SO ORDERED.

Dated: **September 10, 2014**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE