**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LAWS, | Case No. 1:13-cv-01546-BAM HC |
| Petitioner, | |
| v. | ORDER DENYING PETITIONER'S MOTION TO AMEND |
| ERIC ARNOLD, Warden, | |
| Respondent. | (Doc. 31) |

Petitioner, proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] moves to amend his petition to incorporate two additional grounds for relief. Respondent opposes amendment, arguing that since one of the two proposed grounds is unexhausted, the Court would be required to dismiss the mixed amended petition, rendering amendment futile.

1. **Procedural Background**

On September 25, 2013, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition set forth a single claim:

> Petitioner was denied the effective assistance of counsel on appeal in violation of his right to counsel under the Sixth and Fourteenth Amendments, as well as his rights to due process and equal protection under the Federal Constitution and his appellate rights under "*Anders*,"[2] when his appellate counsel failed to raise any appealable issues, and specifically claims concerning a) trial counsel's ineffective assistance in failing to present confidential medical evidence in connection with

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.
[2] *Anders v. California*, 386 U.S. 738 (1967).

1

Petitioner's effort to withdraw his plea, b) the trial court's abuse of discretion in denying the motion to withdraw the plea, c) the involuntary, unintelligent, and unknowing entry of the illegal plea based on inadequate advice from trial counsel, d) the petitioner's being under the influence of prescribed psychotropic medications at the time of entry of the plea in violation of the plea agreement, and e) the entry of the plea agreement under a misapprehension of law based on the advice of trial counsel because the perpetrator of the robbery was never identified, and Petitioner did not understand that the identification should have been challenged and the prosecutor should have been required to prove beyond a reasonable doubt that Petitioner participated in the crime.

Doc. 5 at 5-6.

Following its screening of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, on October 3, 2013, the Court determined that the ground set forth in the petition was exhausted only as to subparts a, b, c, and d, but that subpart e, which was then pending before the California Supreme Court, had not yet been exhausted.  The Court ordered Petitioner to dismiss the unexhausted subpart within thirty days or be subject to dismissal of the entire mixed petition.  On October 21, 2013, Petitioner withdrew unexhausted subpart 1(e).  The Court granted the motion to withdraw on January 3, 2014, ordered the petition amended to incorporate certain supplemental information, and ordered Respondent to file his response.

Respondent answered the petition on May 14, 2014; Petitioner filed his reply (traverse) on May 27, 2014.  On December 15, 2014, Petitioner moved for leave to amend the petition to add two new grounds:

Ground Two:  Appellate counsel was ineffective for failing to investigate whether trial counsel for Petitioner was ineffective for failing to investigate that the investigating officer in his case falsified statement[]s in Petitioner's crime report from Petitioner that Petitioner never made [f]alsifying his crime report and committing perjury.  And that Petitioner was misadvised to plead without being informed of this information before pleading, failing to explain the nature of the negotiated plea and the merits of entering the plea in light of the evidence and [a]pplicable law in the case[,] violating his 5th, 6th, and 14th Amendment rights to the United States Constitution, due process, [a]ppellate rights, and equal protection under the Federal constitution.  And that the state court's denial of this claim was based on an unreasonable determination of the facts, and unreasonable an [sic], an[d] contrary to United States Supreme Court case law.

///

> Ground [Three]: Counsel on appeal was ineffective for failing to address that "Petitioner" entered his no-contest plea under a misapprehension of law in Appellant's opening brief after conferring with counsel on the issue to be raised, and the Petitioner's former attorney misadvised Petitioner to plead without being informed of this information before pleading [, f]ailing to explain the nature of the negotiated plea in light of the evidence and [a]pplicable law in the case violating his[] 6th and 14th Amendment rights to the United States Constitution, due process, [a]ppellate rights, and equal protection under the Federal constitution. And that the state court's denial of this claim was based on an unreasonable determination of the facts an unreasonable, [*sic*] and contrary to United States Supreme Court case law.

Doc. 31 at 1-2.

## 2. **Standards for Amendment**

Pursuant to F.R.Civ.P. 15(a), a party may amend a pleading once as a matter of course within 21 days after service of the pleading, a required responsive pleading, or a motion under F.R.Civ.P. 12(b), (e), or (f), whichever is earlier; in all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave. 28 U.S.C. § 2242; Rule 12 of the Rules Governing Section 2254 Cases in the U.S. District Courts. In ruling on a motion to amend a petition for writ of habeas corpus, a court must consider bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether or not the party has previously amended his pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). A court may disallow a proposed amendment that would be futile, such as one in which the amended matter (1) is duplicative or patently frivolous, (2) presents no new facts but only new theories, or (3) provides no satisfactory explanation for failure to develop the original contentions fully. *Id.*

Petitioner concedes that he has not exhausted the proposed Ground Two but claims that Ground Three simply restates his original Ground 1(e), which was exhausted following the Supreme Court's determination of the state petition that was pending when Petitioner filed the original petition in this case. Respondent opposes the proposed amendment, arguing that since Petitioner has not exhausted the proposed Ground Two, permitting the amendment would result in a mixed petition.

3

### 3. <u>Failure to Exhaust State Remedies</u>

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992). If any of grounds for collateral relief set forth in a petition for habeas corpus are unexhausted (a "mixed petition"), the Court must dismiss the petition. 28 U.S.C. § 2254(b)(1); *Rose*, 455 U.S. at 521-22.

Respondent contends that the Court must deny the motion to amend the petition since permitting the requested amendment would be result a mixed petition. Because § 2254 requires the Court to dismiss a mixed petition, the amendment would be futile. The Court agrees that, in light of the unexhausted claims in Ground Two, the requested amendment must be denied as futile.

### 4. <u>Conclusion</u>

Because Petitioner has not fully exhausted the claims that he moves to add to the petition through amendment, the Court hereby DENIES, without prejudice, Petitioner's motion to amend.

Accordingly, the Court hereby ORDERS:

1. Within 21 days of the date of this order, Petitioner may elect to (a) withdraw

4

proposed Ground Two and move to amend the petition solely to incorporate proposed Ground Three, or (b) move for an order of stay and abeyance to permit Petitioner to attempt to exhaust proposed Ground Two in state court.

2. If Petitioner moves to amend the petition to reinstate Ground Three, the language used in Ground Three in the federal petition shall match the language used for that claim in the petition presented to the California Supreme Court.

3. If Petitioner fails to file either motion within the 21-day period, the Court will take the original petition under submission in consideration of the briefing and documentation that the parties have previously filed with this Court (*See* Docs. 1, 11, 22, 24, and 25).

IT IS SO ORDERED.

Dated: **August 21, 2015**           /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE