# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LAWS,<br><br>           Petitioner,<br><br>  v.<br><br>ERIC ARNOLD, Warden,<br><br>           Respondent. | Case No. 1:13-cv-01546-BAM  HC<br><br>ORDER REQUIRING RESPONDENT TO RESPOND TO FIRST AMENDED PETITION (Doc. 42)<br><br>ORDER SETTING REVISED SCHEDULE FOR SUPPLEMENTAL BRIEFING |

      Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 24, 2015, the Court denied Petitioner's motion to amend the petition to the extent that it proposed to add unexhausted claims. The Court granted Petitioner the option of withdrawing the unexhausted claims and amending his petition to include proposed claim three, to be worded exactly as the claim was worded in the petition presented to the California Supreme Court. On September 2, 2015, Petitioner moved to withdraw proposed ground two, which was unexhausted, and to amend the petition to include the proposed claim three, to be worded exactly as the claim was worded in the petition presented to the California Supreme Court. The Court granted the motion and directed Petitioner to file "a single amended petition incorporating all additions and omitting all deletions to the original petition that the Court has previously approved." Doc. 41.

      On September 24, 2015, Petitioner filed a first amended petition for writ of habeas corpus which was intended to add claim three, to be worded exactly as the claim was worded in the

1

petition presented to the California Supreme Court. The Court has conducted a preliminary review of the amended petition. Whether Petitioner is entitled to relief from the remaining claim is not clear from the face of the amended petition. 28 U.S.C. § 2243. In fact, it is not clear to the Court that Petitioner has added claim three.

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and F.R.Civ.P. 16, [1] the Court hereby ORDERS:

1. Within **sixty (60) days** of the date of service of this order, Respondent shall file a supplemental response to the amended petition[2] addressing claim three. *See* Rule 4, Rules Governing Section 2254 Cases; *Cluchette v. Rushen*, 770 F.2d 1469, 1473-74 (9th Cir. 1985) (court has discretion to fix time for filing a response). A supplemental response can be made by filing one of the following:

   a. **A supplemental answer addressing the merits of claim three.** Respondent shall include with the supplemental answer any and all transcripts or other documents necessary for resolution of the issues presented in claim three. *See* Rule 5, Rules Governing Section 2254 Cases. Any argument by Respondent that Petitioner has *procedurally defaulted* claim three may be made in the supplemental answer, but it must also address claim three's merits.

   b. **A motion to dismiss claim three.** A motion to dismiss shall include copies of all of state court findings and dispositive rulings relevant to claim three. *See* Rule 5, Rules Governing Section 2254 Cases.[3]

---

[1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." F.R.Civ.P. 81(a)(4). Rule 12 also provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions of these rules, may be applied to a proceeding under these rules." Rule 12, Rules Governing Section 2254 Cases.

[2] A scanned copy of the amended petition is available in the Court's electronic case filing system (CM/ECF).

[3] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the Court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file and answer or *other pleading . . . or to take other action the judge may order.*" Rule 4, Rules Governing Section 2254 Cases (*emphasis added*); *see also* Advisory Committee Notes to Rules 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a motion to dismiss for failure to exhaust); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989) (providing that motions to dismiss pursuant to Rule 4 are proper in a federal habeas proceeding).

  2. If Respondent files a supplemental answer addressing claim three, Petitioner may file a supplemental traverse addressing claim three within **thirty (30) days** of the date Respondent's supplemental answer is filed with the Court.  If no supplemental traverse is filed, the amended petition and supplemental answer are deemed submitted at the end of thirty (30) days.

  3. If a Respondent files a motion to dismiss claim three, Petitioner shall file an opposition or statement of non-opposition within **twenty-one (21) days** of the date that Respondent's motion is filed with the Court.  If no opposition is filed, the motion to dismiss is deemed submitted at the expiration of thirty (30) days.  Any reply to any opposition to the motion to dismiss claim three shall be filed within **seven (7) days** after the opposition is served.

  All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 230(l).  Extensions of time will only be granted upon a showing of good cause.  All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

 Dated: **October 13, 2015**    /s/ *Barbara A. McAuliffe*
                   UNITED STATES MAGISTRATE JUDGE

3